**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **RHONDA L. WIMBISH,** | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-18-3558 |
| **FEDDER AND GARTEN,** | * |
| Defendant. | * |

**MEMORANDUM OPINION**

In this *pro se* action filed on November 19, 2018, Plaintiff Rhonda L. Wimbish ("Plaintiff") alleges that more than a dozen parties unlawfully foreclosed on her home in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.* ("RESPA"), and Maryland foreclosure law, Md. Code Ann., Real Prop. § 7-105, as well as several federal criminal statutes. ECF No. 1. Despite multiple orders from the Court, Plaintiff failed to properly serve any of the parties, and the Court accordingly dismissed all defendants except Fedder and Garten ("Defendant"), which filed a Motion to Dismiss the claims against it for failure to state a claim. ECF No. 13.[1] Plaintiff has not responded to the Motion. No hearing is necessary. *See* Loc. Rule 105.6. (D. Md.). For the following reasons, the Court will grant the Motion to Dismiss.

---

[1] Defendant filed its motion, even though it had not been properly served, before the Court issued its order dismissing the other defendants. In the motion, Defendant does not raise the lack of proper service as a ground for dismissal and explains that it chose to respond to the Complaint substantively despite the lack of service. ECF No. 13-1 at 1 n.1. The Court accordingly will consider Defendant's arguments that the Amended Complaint fails to state a claim. *Cf. DeCosta v. U.S. Bancorp*, No. DKC 10–0301, 2010 WL 3824224, at *2 (D. Md. Sept. 27, 2010) (evaluating a defendant's Rule 12(b)(6) motion to dismiss despite the defendant's additional claim that it was not properly served by the plaintiff).

1

**I.     BACKGROUND**

Plaintiff's Complaint, ECF No. 1, and an Amended Complaint that she filed on December 4, 2018, ECF No. 3, are detailed in parts but still provide an incomplete picture of the dispute at issue, which predates the present case. In support of its Motion to Dismiss, Defendant has attached several exhibits that explain and contextualize the events referenced in the Complaint and Amended Complaint. "Under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider exhibits, without converting the motion to dismiss to one for summary judgment." *Brennan v. Deluxe Corp.*, 361 F. Supp. 3d 494, 501 (D. Md. 2019) (citing *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015)).

"In particular, a court may consider documents that are 'explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . .'" *Id.* (quoting *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016)). "A court may also take judicial notice of matters of public record." *Id.* (citing *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). Judicially noticeable materials include the docket of a state court case, *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 316 n.4 (D. Md. 2014), filings that appear on such a docket, *Barilone v. Onewest Bank, FSB*, No. ELH–13–00752, 2013 WL 6909423, at *2 (D. Md. Dec. 31, 2013), and filings in a county land records office, *Ukaegbu v. Select Portfolio Servicing, Inc.*, No. PWG-16-3415, 2017 2930465, at *5 (D. Md. July 7, 2017).

The Court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166. "To be 'integral,' a document must be one 'that by its very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Brennan*, 361 F. Supp. 3d at 502 (emphasis in

original) (quoting *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011)). With these principles in mind, the Court considers Defendant's exhibits either after taking judicial notice of them as matters of public record under Federal Rule of Evidence 201(b)(2) or after determining that they are integral to Plaintiff's Complaint and Amended Complaint.

Plaintiff was granted a deed to the real property at 3514 White Chapel Road in Baltimore, Maryland on December 16, 2005. ECF No. 13-2 at 1.[2] On the same day, she obtained a $135,200 loan from Countrywide Home Loans, Inc. ("Countrywide"), secured by a deed of trust with regard to the property. ECF No. 13-3 at 1. On January 8, 2014, substitute trustees of the deed of trust filed a foreclosure action against Plaintiff in the Circuit Court for Baltimore County. ECF No. 13-4 at 1–3. In that proceeding, Plaintiff, through counsel, filed an Amended Motion to Dismiss and Stay the Sale, supported by an affidavit by Plaintiff, alleging in part that the signatures on the deed of trust and the note reflecting the terms of Plaintiff's loan were forged. *See* ECF No. 13-5 at 2. Plaintiff repeats that allegation of forgery in this action. ECF No. 3 ¶¶ 14, 22, 31. Plaintiff also asserts that during this period, she attempted to modify her interest rate and filed complaints with Maryland regulatory agencies. *Id.* ¶¶ 16, 18. On January 6, 2015, the parties to the foreclosure action entered a joint stipulation of dismissal. ECF No. 13-4 at 7.

The title insurer of Plaintiff's deed of trust, First American Title Insurance Company, then retained Defendant to represent Ditech Financial, LLC, then known as Green Tree Servicing, LLC ("Green Tree"). ECF No. 3 ¶ 29; *see also* ECF No. 13-1 at 2, 4. Bank of America, which had acquired Countrywide, had sold the rights to service Plaintiff's mortgage to Green Tree. ECF No. 3 ¶ 19. On January 12, 2015, Defendant filed suit on behalf of Green Tree

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

in the Circuit Court for Baltimore City seeking a declaratory judgment that Plaintiff's deed of trust and accompanying note are valid and enforceable against Plaintiff because her signatures on the documents are authentic. ECF No. 13-6 at 1, 3; ECF No. 13-7 ¶¶ 3, 19–21. In an amended complaint that Defendant filed on July 29, 2015, Defendant asserted as additional counts several alternative grounds for enforceability of the note, including ratification of any unauthorized signature and the existence of an equitable mortgage. ECF No. 13-7 at 5–12.

The court held a two-day trial. ECF No. 13-8 at 3. On May 13, 2016, Judge Audrey J.S. Carrión announced findings of fact at a transcribed proceeding. *Id.* Judge Carrión specifically found that "Ms. Wimbish's testimony that her signature on the deed and note at issue here are forgeries is not credible." *Id.* at 5. Judge Carrión continued:

> I conclude and find that the signatures on the note and deed of trust at issue here are authentic and valid signatures of the Defendant, Ms. Rhonda Wimbish. I also determine and hold that both the note and the deed of trust are enforceable against the Defendant, Ms. Rhonda Wimbish. Therefore, I hereby declare that the note and deed of trust at issue here contain authentic and valid signatures of Ms. Rhonda Wimbish and that both, the note and the deed of trust, are enforceable against the Defendant, Ms. Wimbish, and the property at issue; 3514 White Chapel Road, Baltimore, Maryland 21215.

*Id.* at 5–6. In light of this decision as to Count I of the amended complaint, which sought such a declaration, Judge Carrión denied all of the other counts. *Id.* at 6; ECF No. 3 ¶ 36. Judge Carrión memorialized these findings in a written order. ECF No. 13-9. Plaintiff did not file an appeal of the decision. ECF No. 13-6 at 11. On November 21, 2017, the substitute trustees of the deed of trust filed a second foreclosure action. ECF No. 13-10 at 1–3. Plaintiff filed several motions to stay or dismiss that proceeding, each of which was denied. *See id.* at 3–6. The most recent denial was on February 22, 2019. *Id.* at 6. That order followed a ruling on November 15, 2018, declaring that the substitute trustees "[m]ay [p]roceed with sale of [P]roperty at issue." *Id.* at 5.

Plaintiff filed this action four days later and named as defendants a variety of entities and individuals, identifying only some of them in the body of the Complaint. ECF No. 3 ¶ 9. After five days had elapsed, the Court issued an order to Plaintiff informing her that she bears the responsibility for effecting service on the named defendants because she had paid the full filing fee for the action. ECF No. 2 at 1. The order warned Plaintiff that she risked dismissal of the case if she failed to effect service. *Id.* at 2. Rather than serve the defendants, Plaintiff filed her Amended Complaint, adding First American Title Insurance Company and Fedder and Garten as defendants. ECF No. 3. Plaintiff included summons forms for only the two new defendants and three others, however; the Court issued summons as to those parties on December 28, 2018. ECF No. 5; *see* ECF No. 17. On April 4, 2019, the Court issued to Plaintiff an Order to Show Cause within 14 days why service of process had not been effectuated. ECF No. 12. The order again warned Plaintiff that failure to show cause will result in dismissal of the Complaint. *Id.* Plaintiff did not respond. *See* ECF No. 17.

On April 11, 2019, Defendant Fedder and Garten filed the pending Motion to Dismiss the claims against it. ECF No. 13.[3] Pursuant to procedure for *pro se* parties, the Court mailed a letter to Plaintiff notifying her of the dispositive motion the following day. ECF No. 15. On April 23, 2019, pursuant to the Order to Show Cause, the Court entered an order dismissing all defendants without prejudice with the exception of Fedder and Garten. ECF No. 17 at 2. Plaintiff has not responded to Defendant's Motion to Dismiss the Amended Complaint.

## II. STANDARD OF REVIEW

To state a claim that survives a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[3] Defendant informs the Court that Plaintiff had attempted to serve it by mailing a copy of the complaint to Defendant with a blank sheet on which was written "THIS IS A SUMMONS". ECF No. 13-1 at 1 n.1.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). To determine whether a claim has crossed "the line from conceivable to plausible," the Court must employ a "context-specific" inquiry, drawing on the court's "experience and common sense." *Iqbal*, 556 U.S. at 679–80 (quoting *Twombly*, 550 U.S. at 570). When performing this inquiry, the Court accepts "all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court need not, however, accept unsupported legal conclusions, *Revene v. Charles Cnty. Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), nor must it agree with legal conclusions couched as factual allegations, *Iqbal,* 556 U.S. at 678, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009).

"A plaintiff filing *pro se* is held to a 'less stringent standard[]' than is a lawyer, and the Court must construe *pro se* claims liberally.'" *Parker v. Am. Brokers Conduit*, 179 F. Supp. 3d 509, 515 (D. Md. 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "However, even a pro se complaint must meet a minimum threshold of plausibility." *Id.* (citing *Letke v. Wells Fargo Home Mortg., Inc.*, Civil Action No. RDB–12–3799, 2013 WL 6207836, at *2 (D. Md. Nov. 27, 2013)).

**III. DISCUSSION**

Defendant makes two primary arguments in support of its Motion to Dismiss: that the Amended Complaint lacks any allegations that Defendant engaged in actions violating the statutes referenced; and that even if it did, Plaintiff has failed to state a claim with regard to any of those statutes. ECF No. 13-1 at 7. Defendant also argues that any further amendments to the pleadings would be futile. *Id.* Though Defendant's first argument reads the Amended Complaint too narrowly, the Court agrees that Plaintiff has failed to state a claim and that dismissal with prejudice is appropriate.

As Defendant correctly observes, Defendant is mentioned by name in only one paragraph of the Amended Complaint, which reads in full as follows: "Feddar [sic] and Garten was the new law firm hired by First American Title to represent Green tree/Ditech [sic]. Plaintiff had obtained an owner's title policy at closing on December 5, [2005]." ECF No. 3 ¶ 29. Defendant is not included in Plaintiff's list of parties. ECF No. 3 ¶ 9. The Amended Complaint does allege, albeit indirectly, that Defendant was involved in unlawful or wrongful conduct. Specifically, the Amended Complaint asserts that in litigating the declaratory judgment action before Judge Carrión, "Defendant entered several different versions of the December 5, 2005 closing statement. Defendants attempt to cover up the fraudulent second mortgage and the difference in the mortgage amount violating Real Estate Settlement Act 12 U.S.C. 2601 et seq." *Id.* ¶ 32. Plaintiff also alleges that signatures she provided to her counsel in the initial foreclosure proceeding "were given to the Defendant and were used to replace the forged signatures. The forged signatures remained in Baltimore City Land Records." *Id.* ¶ 31. Finally, the Complaint claims that "[i]n the closing argument" at the trial before Judge Carrión, "Defendants admitted that Innovative Title which is an agent of First American Title forged the Plaintiff's name

7

pursuant FDCPA [sic]." *Id.* ¶ 37. The Amended Complaint uses "Defendant" and "Defendants" imprecisely and without specifying which of the sixteen named parties Plaintiff refers to, but because Fedder and Garten was counsel to the plaintiffs in the declaratory judgment action, the Court reads the references in these paragraphs as intending to make allegations against it.

Additionally, although they consist simply of citations to statutes without further elaboration, each of the counts in the Amended Complaint, *id.* ¶¶ 42–47, could be read to make allegations against Defendant, and it appears that Defendant so read them because Defendant has addressed each count in its Motion. The Court will assess Defendant's arguments as to each count, but first pauses to consider Defendant's additional argument that any claims premised on the contention that Plaintiff's signature was forged on the deed of trust or note are precluded by collateral estoppel. ECF No. 13-1 at 7–8. "Collateral estoppel bars relitigation of an issue or fact if (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding." *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 280 F. Supp. 3d 691, 716 (D. Md. 2017) (quoting *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004)). The doctrine is an affirmative defense that may be raised in a motion to dismiss if it "clearly appears on the face of the complaint." *Ashe v. PNC Fin. Servs. Grp.*, 165 F. Supp. 3d 357, 360 (D. Md. 2015) (quoting *Kalos v. Centennial Sur. Assocs.*, No. CCB–12–1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012)).

Here, it is clear from the face of the pleadings that collateral estoppel bars Plaintiff from relitigating the issue of the authenticity of her signatures on the deed of trust and note because

the Circuit Court for Baltimore County has found that the signatures are indeed hers. ECF No. 13-8 at 5–6; ECF No. 13-9 at 1. As Judge Carrión's ruling in that case makes plain, the issue was identical and actually resolved in that proceeding and it was critical and necessary to the judgment. *See* ECF No. 13-8 at 5–6; ECF No. 13-9 at 1. In fact, it was the core issue in dispute, and its resolution against Plaintiff disposed of the case. *See* ECF No. 13-8 at 5–6; ECF No. 13-9 at 1. Further, the Amended Complaint does not allege that Plaintiff lacked a full and fair opportunity to litigate the issue in the proceeding before Judge Carrión. While Plaintiff asserts that Defendant made misrepresentations to the court in that case, *see* ECF No. 3 ¶¶ 31–32, she does not allege that she was denied an opportunity to respond and contest them. Accordingly, she is precluded from reasserting the forged signatures argument here.

Even if Plaintiff's claims about the prior proceeding could be read to argue that she was denied an adequate opportunity to litigate the issue, preventing collateral estoppel from applying, the Amended Complaint must nonetheless be dismissed because it fails to state any claims against Defendant. First, to succeed on her claim under the FDCPA, Plaintiff "must demonstrate that '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Long v. Pendrick Capital Partners II, LLC*, 374 F. Supp. 3d 515, 531 (D. Md. 2019) (quoting *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759–60 (D. Md. 2012)). Contrary to Defendant's claim that its representation of Green Tree Servicing, LLC cannot give rise to FDCPA liability, an attorney hired to bring litigation for the purpose of debt collection may be considered a "debt collector" under the FDCPA's definitions provision, 15 U.S.C. § 1692a(6). *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 229–30 (4th Cir. 2007).

Of the Amended Complaint's allegations that can be read as addressing Defendant's conduct, however, none give rise to a plausible claim of liability under the FDCPA.[4] Plaintiff does not specify which of the many provisions of the FDCPA Defendant allegedly violated, nor is one apparent to the Court. District courts "cannot be expected to construct full blown claims from sentence fragments." *Hopkins v. Green Tree Servicing, LLC*, No. PWG–13–1549, 2013 WL 5888086, at *2 (D. Md. Oct. 30, 2013) (quoting *Beaudette v. City of Hampton*, 775 F.2d 1274, 1279 (4th Cir. 1985)). In any event, even if a violation could be discerned in the conduct alleged, the FDCPA's one-year statute of limitations bars Plaintiff's claim. *See* 15 U.S.C. § 1692k(d). An FDCPA claim "accrues at the time of the violation or when the plaintiff should have known of the violation." *Stewart*, 859 F. Supp. 2d at 760. Defendant's involvement in the case spanned only the pendency of the declaratory judgment action, which Defendant filed on January 12, 2015 and in which Judge Carrión issued judgment on May 13, 2016. ECF No. 13-6 at 3, 11; ECF No. 13-9 at 1. Plaintiff's FDCPA claim is therefore time-barred.

Plaintiff's second claim asserts a violation of 15 U.S.C. § 1641(g). *See* ECF No. 3 ¶ 4; *id.* at 9. Under that provision, "parties assuming home loans, and thereby becoming new creditors, must disclose the assignment to the borrower in writing by a certain date." *Barr v. Flagstar Bank, F.S.B.*, No. RDB–13–2654, 2014 WL 4660799, at *2 (D. Md. Sept. 17, 2014). "The disclosure requirement of § 1641(g) applies when the new creditor acquires (via transfer, sale, assignment, or other means) the borrower's 'mortgage loan' or 'debt.'" *Id.* at *3 (quoting 15 U.S.C. § 1641(g)). As Defendant correctly argues here, it has no duties under that provision because it had no involvement in the assumption of Plaintiff's loan, nor does Plaintiff assert that it did. ECF No. 13-1 at 9. Plaintiff claims only that Defendant was "hired by First American Title

---

[4] Plaintiff's allegations about an admitted forgery by a title company do not implicate Defendant. ECF No. ¶ 37.

to represent Green tree/Ditech [sic]." ECF No. 3 ¶ 29. Even if Defendant's representation of that entity could somehow give rise to liability, however, TILA also has a one-year statute of limitations that bars Plaintiff's claim. 15 U.S.C. § 1640(e); *see Strickland-Lucas v. Citibank, N.A.*, 256 F. Supp. 3d 616, 626–27 (D. Md. 2017).

Plaintiff's third claim asserts a violation of RESPA. ECF No. 3 ¶¶ 4, 44. Unlike Plaintiff's other claims thus far, Plaintiff specifically identifies the statute in a factual allegation, asserting that "Defendant entered several different versions of the December 5, 2005 closing statement. Defendants attempt to cover up the fraudulent second mortgage and the difference in the mortgage amount violating Real Estate Settlement Act 12 U.S.C. 2601 et seq." *Id.* ¶ 32. As with the FDCPA claim, however, Plaintiff does not allege which provision of the Act Defendant has violated, and the language of the allegation is essentially incoherent. Further, the function of RESPA is to "mandate[] good faith estimates and disclosure of settlement terms and interest rates from lenders in order to allow consumers to evaluate whether they can afford all aspects of their loan." *Minson v. CitiMortgage, Inc.*, No. DKC 12–2233, 2013 WL 2383658, at *3 (D. Md. May 29, 2013) (quoting *Fedewa v. J.P. Morgan Chase Bank, Nat'l Ass'n*, 921 F. Supp. 2d 504, 510 (E.D. Va. 2013)). As Defendant again maintains, it was not involved in the settlement of Plaintiff's loan in 2005 or in providing any settlement services, nor does Plaintiff assert that it was. ECF No. 13-1 at 10. Plaintiff therefore fails to state a claim under RESPA against Defendant.

Plaintiff next asserts a claim under a provision of the Maryland Real Property Code, Md. Code. Ann., Real Prop. § 7-105. ECF No. 3 ¶ 45. That provision does not create a cause of action, but rather provides that a mortgage or deed of trust may authorize the sale of property on default if the instrument so provides, and states that a ratified sale made pursuant to that rule or

under certain other provisions has the same effect as non-foreclosure real property transfers. Md. Code. Ann., Real Prop. §§ 7-105(b)(1), (c). Plaintiff also cites § 7-105.1 of the Code in other sections of the Amended Complaint. ECF No. 3 ¶¶ 38–39. That provision and a companion provision codified at § 7-105.4 "regulate the notices to be given and procedures to be followed in the state foreclosure process." *Stewart*, 859 F. Supp. 2d at 766. Plaintiff specifically alleges that after she requested a mediation "with Defendant which occurred May 5, 2018," "Defendant breached the mediation agreement by not responding to any contact from the Plaintiff attempting to make payments arrangements [sic] for the debt." ECF No. 3 ¶ 38. Plaintiff claims that this breach violated "§ 7-105.1(4)(j)." *Id.* No such provision exists, nor does a section 7-105.1(j)(4), and the Court is unable to determine what section Plaintiff intended to cite. Additionally, "Defendant" in this allegation does not appear to refer to Defendant here. Fedder and Garten's involvement in Plaintiff's foreclosure ended with the declaratory judgment action in 2016; in the subsequent foreclosure action, initiated on November 21, 2017, the substitute trustees were represented by attorneys from BWW Law Group, LLC, which was also named in this action but was dismissed after Plaintiff failed to serve it with process. *See* ECF No. 13-10 at 1; ECF No. 17; ECF No. 13-1 at 11.

Finally, even if Defendant had been involved with that foreclosure action, Plaintiff lacks a claim under these provisions. The causes of action under § 7-105.1 and § 7-105.4, both of which have three-year statutes of limitation, Md. Code. Ann., Real Prop. §§ 7-105.1(q), 7-105.4(e), "accrue[] after the foreclosure is complete and went unchallenged by the borrower." *Willis v. Green Tree Servicing, LLC*, No. WMN–14–3748, 2015 WL 1137681, at *8 (D. Md. Mar. 12, 2015). "[W]hen the mortgagor appears and raises objections to the initial foreclosure action, he loses the opportunity to later collaterally attack the resulting judgment." *Jones v.*

*HSBC Bank USA, N.A.*, 444 F. App'x 640, 645 (4th Cir. 2011) (citing *Fairfax Sav., F.S.B. v. Kris Jen Ltd. P'Ship*, 655 A.2d 1265, 1272 (Md. 1995)). "In other words, the mortgagor is entitled to litigate his objections only once: he may defend against the original foreclosure action directly, or he may bring a separate, offensive suit within three years of the sale; he may not do both." *Id.* Therefore, because she appeared in the original foreclosure actions, Plaintiff lacks a cause of action under this section. *See Willis*, 2015 WL 1137681, at *8.

Plaintiff's remaining claims assert violations of federal criminal statutes. ECF No. 3 at 9–10. Count V asserts a violation of 8 U.S.C. § 1324c. That statute "makes it a crime to counterfeit federal immigration documents or to use such documents in an effort to satisfy immigration requirements," among related prohibitions, and plainly has no relevance here. *United States v. South Carolina*, 720 F.3d 518, 532 (4th Cir. 2013). Count VI cites several statutes in Title 18 of the U.S. Code that also do not create a private right of action. These include 18 U.S.C. § 1001, which "criminalizes false statements and similar misconduct occurring 'in any manner within the jurisdiction of any department or agency of the United States.'" *Mackall v. U.S. Dep't of Def.*, No. RDB-17-0774, 2017 WL 5564665, at *6 (D. Md. Nov. 20, 2017) (quoting 18 U.S.C. § 1001). "It does not, however, create a private cause of action." *Id.* (citing *Fed. Sav. & Loan Ins. Corp. v. Reeves*, 815 F.2d 130, 137–38 (4th Cir. 1987)). Nor do three other statutes Plaintiff cites: 18 U.S.C. § 1341, *see Felder v. Buonassissi, Henning & Lash, PC*, No. PJM 13–1741, 2014 WL 1819028, at *3 (D. Md. May 6, 2014); 18 U.S.C. § 1346, *see Smith v. Spears*, No. 2:17-3384-PMD-BM, 2018 WL 4523201, at *4 (D.S.C. Feb. 8, 2018); *Kinney v. U.S. Dep't of Justice*, No. 1:09-cv-806, 2009 WL 10702566, at *2 (E.D. Va. Oct. 2, 2009); and 18 U.S.C. § 666, *see Dixon v. Washington*, No. 18-2838, 2018 WL 5046033, at *3 (E.D. Pa. Oct. 17, 2018);

*Crooked Creek Props., Inc. v. Ensley*, No. 2:08-CV-1002-WKW[WO], 2009 WL 3644835, at *6 & n.15. Accordingly, Plaintiff's claims under these statutes cannot proceed.

Plaintiff finally cites 18 U.S.C. § 1961 *et seq.*, the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"). "To sustain a civil RICO claim, [a plaintiff] must allege a pattern of racketeering activity or the collection of an unlawful debt." *Maryland v. Territory of Maryland*, No. PX 16-3426, 2017 WL 1807157, at *4 (D. Md. May 5, 2017). "'[A] pattern of racketeering activity[]' constitutes at least two enumerated predicate acts of criminal conduct set forth in § 1961(1)." *Id.* (quoting 18 U.S.C. § 1962(a)). § 1961(1) includes a set of general criminal offenses chargeable as felonies under state law, none of which are alleged here, as well as an extensive list of sections of Title 18 of the U.S. Code. 18 U.S.C. § 1961(1)(A), (B). Plaintiff here only asserts a violation of one of the listed offenses, 18 U.S.C. § 1341, and therefore falls short of the requirement of two predicate acts.

To proceed with a RICO claim, Plaintiff must therefore allege "the collection of an unlawful debt." "However, section 1961(6) makes plain that the claimed 'unlawful debt' must be '(A) . . . unenforceable under State or Federal law in whole or in part as to the principal or interest because of the laws relating to usury, and (B) which was incurred in connection with . . . the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate.'" *Territory of Maryland*, 2017 WL 1807157, at *5 (quoting 18 U.S.C. § 1961(6)). Although "a single act of collection" may serve as a predicate for RICO liability, *Proctor v. Metro. Money Store Corp.*, 645 F. Supp. 2d 464, 481 (D. Md. 2009), such a claim requires, *inter alia*, that the defendant have maintained a "RICO enterprise," that "defendants used, in the operation of the enterprise, income derived from the collection of unlawful debt," and that the "debt was incurred in connection with the business of

lending money at a usurious rate," which "was at least twice the enforceable rate," *Day v. DB Capital Grp., LLC*, No. DKC 10–1658, 2011 WL 887554, at *13 (quoting *Durante Bros. & Sons, Inc. v. Flushing Nat'l Bank*, 755 F.3d 239, 248 (2d Cir. 1985)).

Here, the Amended Complaint lacks any allegations of an enterprise funded by income from collection of unlawful debt, an essential component of RICO liability. *See Grant v. Shapiro & Burson, LLP*, 871 F. Supp. 2d 462, 472–73 & n.15 (D. Md. 2012). Further, there appears to be no basis for any allegation that the terms of Plaintiff's loan were usurious and unenforceable. Under Maryland law, a lender may charge any rate of interest for loans "secured by a first mortgage or first deed of trust on any interest in residential real property," "provided that the borrower has signed a written agreement which sets out the rate and does not include a penalty for prepayment or require prepayment of interest." *Pruitt v. Bank of Am., N.A.*, No. TDC-15-1310, 2016 WL 337531, at *3 (quoting Md. Code, Com. Law § 12-103(b)(1)(ii)). In the first foreclosure action on Plaintiff's property, Plaintiff stated in a filing with the court that in 2011, she was informed three times in writing that the terms of her loan were modified. ECF No. 13-5 at 5, 18. While she was unable to pay the $865.63 monthly payment directed in the first modification, the $784.60 monthly payment required in the second modification "was feasible" for her and she accordingly began to make payments. *Id.* at 6, 18–19. In a third modification, her interest rate was reduced, although her payment increased slightly to $787.50, and she continued to make payments. *Id.* at 6, 19.

Given these representations, there appears to be no basis for plausible allegations that Plaintiff's loan involved a usurious rate under Maryland law or ran afoul of any relevant federal laws. Further, that Judge Carrión in the declaratory judgment action found the note and deed of trust enforceable, ECF No. 13-9 at 2, and that the court in the subsequent foreclosure action

authorized the substitute trustees to proceed with the sale of the property, ECF No. 13-10 at 5, demonstrate the enforceability of Plaintiff's loan agreements. In light of these considerations, Plaintiff fails to state a claim for civil RICO liability.

Having concluded that all of Plaintiff's claims against Defendant must be dismissed, the Court turns to Defendant's claim that further amendment of the Amended Complaint would be futile and therefore that the claims against Defendant should be dismissed with prejudice. A district court may dismiss a complaint with prejudice when "it is clear that amendment would be futile in light of the [complaint's] fundamental deficiencies[.]" *Cozzarelli v. Inspire Pharms.*, 549 F.3d 618, 630 (4th Cir. 2008). The Court agrees that amendment of the complaint would be futile with respect to all claims against Defendant. Plaintiff's FDCPA and TILA claims are time-barred; there is no indication that Defendant was involved in the settlement of Plaintiff's original loan in 2005, barring a RESPA claim; Plaintiff lacks a cause of action under Count IV because she has appeared in her foreclosure proceedings; no private right of action exists under 8 U.S.C. § 1324c or 18 U.S.C. §§ 666, 1001, 1341, or 1346; and there is no basis for plausible allegations that Defendant is liable under RICO. Accordingly, the claims against Defendant will be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 13, is granted and Plaintiff's claims against Defendant are dismissed with prejudice. A separate Order shall issue.

Date: <u>January 24 , 2020</u>     <u>  /s/                              </u>
                                    GEORGE J. HAZEL
                                    United States District Judge